IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

|  |  |  |
|---|---|---|
| DENNIS COUNCIL | ) | Civil Action No: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| CIRCLE K STORES, INC.. | ) | |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

COMES NOW, Plaintiff, Dennis Council, by and through his attorney, and complains against the Defendant, Circle K Stores, Inc., as follows:

## PARTIES

1. Plaintiff is a black, African American, citizen and resident of Greenville, Pitt County, North Carolina.

2. Upon information and belief, Defendant Circle K Stores, Inc., (hereinafter "Circle K") is a Texas corporation, licensed to do business in North Carolina, and which owns and operates a facility located at 2195 S. Evans St., Greenville, North Carolina.

3. The acts and omissions giving rise to this Complaint and causes of action occurred in Pitt County, North Carolina.

4. This Court has jurisdiction over the claims and causes of action raised in this Complaint and venue is proper in this Court.

## ADMINISTRATIVE PROCEDURES

5. Plaintiff timely filed a charge with the United States Equal Employment Opportunity Commission ("EEOC"), alleging race discrimination and retaliation. (EEOC Charge No. 433-2020-02034)

6. On March 29, 2022, the EEOC issued a Determination in Charge 433-2020-02034. In the determination, the EEOC found that Circle K failed to promote Plaintiff to an open Store Manager position because of his race in violation of Title VII of the Civil Rights Act of 1964. (hereinafter "Title VII"). Additionally, the EEOC determined that "evidence

1

discovered during the investigation shows [Plaintiff] engaged in protected activity when he complained to [Defendant] about [Defendant's] failure to promote him due to his race. The evidence further shows that shortly after [Plaintiff] complained, he was terminated by [Defendant] which shows a causal connection between [Plaintiff's] protected activity and his termination. Therefore, the evidence demonstrates [Plaintiff] was retaliated against by [Defendant] in violation of Title VII."

7. On June 15, 2022, Plaintiff was issued a Notice of Right to Sue from the EEOC entitling him to commence an action under Title VII within 90 days of receipt of that Notice.

8. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this matter.

## FACTUAL ALLEGATIONS

9. Plaintiff was hired by the Defendant on October 19, 2016. Plaintiff was assigned to the position of Customer Service Representative.

10. On January 18, 2017, Plaintiff received a Performance Evaluation. Plaintiff was rated as "Fully Successful" in his evaluation.

11. On October 16, 2017, Plaintiff received a Performance Evaluation and was rated "Fully Successful". Plaintiff was also promoted to the position of Lead Customer Service Representative/Ambassador and received a 9.7% pay increase. On October 24, 2017, Plaintiff received another 3.1% pay increase.

12. On January 29, 2018, Plaintiff received a Performance Evaluation and again was rated "Fully Successful." Additionally, Plaintiff was promoted to the position of Assistant Store Manager on this date.

13. Throughout his employment, Plaintiff was rated "Fully Successful" on all his performance reviews, and he never received any discipline or performance counseling notices prior to his discharge.

14. In April 2020, Plaintiff applied for and was interviewed for a vacant Store Manager position. Plaintiff was interviewed by General Manager Scott Schnackel. (White) Plaintiff was qualified for the Store Manager position. Despite his qualifications, Plaintiff was not selected to fill the vacant Store Manager position.

15. Two other candidates were interviewed by Schnackel for the vacant Store Manager position ; Assistant Store Manager Tori Harris (Black) and Lead Customer Service Representative Tara Huggler. (White)

16. Despite being the least qualified candidate, Huggler was promoted to the Store Manager position by Schnackel.

17. At the time of the interviews to fill the Store Manager position, Huggler was Plaintiff's subordinate; Huggler and was supervised by Plaintiff. Huggler had only recently been hired by Defendant, she was hired on December 18, 2018. Huggler was not as qualified as Plaintiff for the Store Manager position. Huggler had numerous violations of Defendant's "Light of Day" policies prior to her promotion, including but not limited to, selling tobacco products to minors, failing to check ID before selling alcohol, having altercations with co-workers, and leaving cash deposits overnight in the store. Conversely, Plaintiff had not received any discipline or write ups at the time of the interview and selection for Store Manager.

18. Despite her inferior qualifications, Huggler was promoted over two more qualified black candidates.

19. Several days after being informed he had not been selected for the promotion, Plaintiff met with Schnackel and Regional Director Ellen Magdefrau to make a complaint regarding Huggler's promotion over him. During the meeting, Plaintiff specifically complained and stated he had not been promoted because of his race.

20. Upon information and belief, Defendant performed no investigation into Plaintiff's complaint of race discrimination in the hiring process.

21. A couple of days after his meeting with Schnackel and Magdefrau, Plaintiff was terminated from his job with Defendant.

22. Plaintiff was terminated on approximately May 1, 2020 because he allegedly violated the defendant's Light of Day policy for using inappropriate language in the workplace. Upon information and belief, Schnackel made the decision to terminate Plaintiff.

23. White employees have engaged in similar conduct yet were not terminated by Defendant. Numerous white employees of Defendant have used profanity in the workplace but were not terminated. Upon information and belief, Schnackel was aware white employees had used inappropriate language in the workplace, but he did not terminate these white employees.

24. Huggler used inappropriate language in the workplace but was not terminated; she was promoted despite her use of inappropriate language in the workplace.

25. Prior to his termination, Plaintiff was not interviewed or questioned as part of any investigation into his alleged use of inappropriate language in the workplace. Upon information and belief, the failure to meet with Plaintiff and get his side of the story was a violation of Defendant's investigatory and discipline policy.

26. Despite his superior qualifications, Plaintiff was not promoted because of his race. Moreover, Plaintiff was subjected to disparate discipline and termination by Defendant. Similarly situated white employees were treated more favorably than Plaintiff. Plaintiff was discharged because of his race, and in retaliation for his complaints of race discrimination.

## **FIRST CAUSE OF ACTION-RACE DISCRIMINATION IN VIOLATION OF TITLE VII**

27. Plaintiff realleges each and every allegation contained in the above paragraphs as if repeated here verbatim.

28. The foregoing actions of Defendant discriminated against Plaintiff because of his race in violation of Section 703 of Title VII.

29. A less qualified white applicant was promoted into the vacant Store Manager position over Plaintiff. Similarly situated white employees were not disciplined or terminated by Defendant for using inappropriate language in the workplace.

30. The stated reason for Plaintiff's termination is false and a mere pretest for discrimination. White employees who engaged in similar or more severe misconduct were not terminated.

31. As a result of Defendant's actions, Plaintiff has suffered emotional distress and economic loss. Plaintiff is entitled to an award of damages for these injuries in an amount to be determined at trial.

32. Plaintiff hereby demands a trial by jury.

## **SECOND CAUSE OF ACTION – RETALIATION**

27. Plaintiff realleges each and every allegation contained in the above paragraphs as if repeated here verbatim.

28. During Plaintiff's employment with Defendant, he was retaliated against in violation of Section 704 of Title VII of the Civil Rights Act of 1964 and subjected to less favorable terms and conditions of employment than similarly situated employees because he opposed the illegal, discriminating conduct of Defendant in promoting a less qualified white applicant into the Store Manager position.

29. Plaintiff was terminated in retaliation for complaining about racial discrimination in the promotion process.

30. Plaintiff requests a trial by jury on his Title VII retaliation claim. As a direct and proximate result of Defendants actions, Plaintiff's has suffered emotional distress and economic loss. Plaintiff is entitled to an award of damages for these injuries in an amount to be determined at trial.

31. Defendant's unlawful employment practices described in this Complaint were willful, wanton, malicious, and in reckless disregard for Plaintiff's rights. Accordingly, Plaintiff is entitled to punitive damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

32. Upon the jury trial of this matter, Plaintiff prays that the Court enter Judgment for him and award the following relief:

    A. Actual and compensatory damages for his emotional distress and economic loss;

    B. Punitive damages;

    C. Award Plaintiff all reasonable attorney's fees and costs incurred in connection with this matter;

    D. Pre-judgment interest on all amounts for which pre-judgement interest is legally allowable;

    E. All other relief whether legal, equitable or injunctive, as this Court deems just and necessary.

Respectfully submitted,

/s/ Jacob J. Modla
Jacob J. Modla
N.C Bar. ID No: 17534
The Law Offices of Jason E. Taylor
115 Elk Ave.
Rock Hill, SC 29730
T: 803-328-0898
E-Mail: jmodla@jasonetaylor.com

September 8, 2022                ATTORNEY FOR PLAINTIFF

5