IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO.: 4:22-cv-106-D-KS

| | |
|---|---|
| DENNIS COUNCIL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **STIPULATED CONSENT** |
| ) | **PROTECTIVE ORDER** |
| CIRCLE K STORES INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

The Parties have jointly moved the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Civil Rule 7.1, for entry of a Consent Protective Order to expedite the flow of discovery materials; facilitate the prompt resolution of discovery disputes including, but not limited to, disputes concerning confidentiality; protect certain materials designated as confidential ("Confidential Materials"); and ensure that protection is afforded only to materials so designated.

**IT IS HEREBY ORDERED THAT:**

1. **General Scope of the Agreement.** This Consent Protective Order shall govern certain documents and other materials produced in response to any discovery request or other request for information by Plaintiff Dennis Council ("Plaintiff") and Defendant Circle K Stores Inc., ("Defendant") in this action, specifically including, but not limited to, answers to requests for admissions; answers to interrogatories; responses to requests for production of documents and documents produced in accordance therewith; documents subpoenaed in connection with depositions; deposition testimony; and any deposition transcript or portion thereof as to which protection is sought in accordance with this Agreement.

The following documents and/or information may be designated as "Confidential Materials" pursuant to this Order: (a) Plaintiff's personal financial data, medical records, and other documents including health-related information; (b) personal information of Defendant's current and/or former

employees including, but not limited to: social security numbers, tax information and health insurance/health-related information; (c) personnel information and records of Defendant's current and/or former employees; (d) confidential proprietary business information including, but not limited to Defendant's confidential business information; and (e) such other information as the Parties deem in good faith to be Confidential, which qualifies for protection pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

2. **Designation as Confidential: Good Faith Requirement.** Any party producing or furnishing information of any nature to another party, to the Court, or at a deposition in connection with this litigation may designate documents or information as "Confidential Materials," in accordance with the procedures set forth herein. Such information could include a document or part thereof, interrogatory answer, response to request for admissions, deposition testimony, excerpts and summaries of such information, or other materials as set forth in Paragraph 1 of this Agreement. Such designation shall be made at the time the information is produced or furnished, or at a later time as provided herein.

No party may designate information as "Confidential Materials" without first determining in good faith that the information may be so designated as provided in this Order and as contemplated by Rule 26(c) of the Federal Rules of Civil Procedure.

3. **Procedure for Designating Information as Confidential.** Parties may designate "Confidential Materials" in the following manner:

a) In the case of documents or other written materials, by affixing to each page of every such document, at the time of production, the word "Confidential" by stamp or other method which will make the word conspicuous;

b) In the case of answers to interrogatories, designation shall be made by placing the word "Confidential" adjacent to or at the end of any answer deemed to contain confidential information.

Alternatively, answers deemed to contain confidential information may be bound separately and marked with the word "Confidential;" and

        c)      In the case of depositions or other pretrial testimony in this action by parties or any of their officers or employees, by a statement to that effect on the record by counsel for the party who claims that Confidential Materials are about to be or have been disclosed. Alternatively, a party may designate information disclosed at such deposition as Confidential Materials by informing all parties in writing, within thirty (30) days of receipt of the transcript or other date as agreed upon by the parties, of the specific pages and lines of the deposition transcript which are deemed Confidential. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody, or control. All depositions shall be treated as Confidential for a period of thirty (30) days after a full and complete transcript of the deposition is available or other date as agreed upon by the parties. Unless the parties intend to designate all of the information contained within a particular document or deposition testimony as Confidential Materials, counsel for that party should indicate in a clear fashion the portion of the document or testimony which is intended to be designated as confidential.

    4.      **Restricted Use of Confidential Information.** The use of information designated as "Confidential Materials" will be restricted as specifically indicated below:

        a)      Documents/information designated as "Confidential" pursuant to Paragraphs 1 through 3 of this Order shall be used solely for the purposes of this action and shall not be disclosed to any person except the following individuals:

        (i)      the Court (including the Clerk's office, stenographic reports and videographers, and any special master or mediator appointed by the Court, engaged in such proceedings as are necessary to the preparation for trial and trial of this action);

        (ii)      counsel for the parties, their staff members, their professional and para-professional employees, or other agents or other representatives of either party, as necessary to prepare this case for litigation;

(iii) any experts or service contractors (i.e., court reporters or outside photocopying or imaging services) associated by the parties regarding this action;

(iv) the parties to this litigation;

(v) deponents, who may be shown Confidential Materials in preparation for their deposition and during their deposition, but shall not be permitted to keep copies of said Confidential Materials nor any portion of the deposition transcript reflecting the Confidential Materials;

(vi) any potential witness as necessary to prepare this case for litigation; provided, that no such person shall be permitted to maintain a copy of any document designated as Confidential Materials;

(vii) any other person or entity to whom the Court orders or allows disclosure after notice and opportunity for hearing; or

(viii) by mutual consent of the parties.

b) Documents produced pursuant to this Order shall not be used for any purpose other than evidence in this litigation and may not be disclosed under any circumstances to anyone not connected with this action as a party, witness, counsel, consultant, staff person or Court personnel.

c) Whenever the Confidential Information contained within a "Confidential" document is not relevant to the purpose for which the document is introduced, counsel for the Party introducing the document shall proffer for admission a true and correct copy of the document from which all Confidential Information has been redacted, with such redactions clearly reflected by affixing the legend "REDACTED" across the blank area containing the Confidential Information in the original. By way of example, "Confidential" documents containing bank account numbers that are not being introduced for purposes of proving the bank account number itself shall have the bank account number redacted prior to filing or admission into evidence. Notwithstanding the foregoing, nothing in this Consent Protective Order shall be construed to require redaction of protected health information from a medical record that contains information relevant to the purpose for which the document is introduced.

5. **Acknowledgment of Agreement.** All persons to whom Confidential Materials are disclosed pursuant to Paragraph 4 of this Order shall be bound by this Order. It shall be the responsibility of counsel for each party to this action to ensure that persons authorized to receive Confidential Materials pursuant to Paragraph 4 of this Order have knowledge of the terms of this Order and agree to be bound by them. Any person other than Plaintiff and Defendant, counsel of record, employees of counsel of record, the Court and its personnel, and Court reporters and their staff must execute the form attached hereto as Exhibit A prior to the disclosure of Confidential Materials, which shall be maintained in confidence by the counsel disclosing such information. Any persons breaching the provisions of this Order are subject to the contempt powers of this Court.

6. **Inadvertent Disclosure.** In the event a party inadvertently produces materials which should have been, but were not, marked "Confidential," the party may designate such materials as "Confidential" by notifying counsel of the error and producing the documents again, with the "Confidential" designation, within twenty (20) days of discovery of the inadvertent production. The parties will then treat these documents as if they had been marked "Confidential" when they were first produced, destroy any documents and copies not so marked, and certify as to such destruction.

7. **Privilege or Protection Not Waived by Disclosure.** The production of confidential, privileged or work-product protected documents, or electronically stored information, including witness testimony, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Confidential, privileged or work-product protected documents or information, including copies thereof, may be so designated subsequent to production should either party fail to make such designation at the time of production, either inadvertently or otherwise. If discovery material is designated as "Confidential" subsequent to production, the parties shall promptly make all reasonable and good faith efforts to collect any copies that have been provided to individuals other than those identified in Paragraph 4, above. If discovery material that is privileged or subject to the work-product doctrine is identified subsequent to production, the party receiving such

material shall promptly return the material or certify that it has been destroyed. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

8. **Use of Confidential Materials in this Case.** Nothing in this Agreement shall prevent or impair the use by a party of Confidential Materials as set forth in this Agreement in proceedings in this litigation, including motion papers, affidavits, briefs, other papers and depositions filed with the Court at any deposition, hearing, conference, or other proceeding prior to trial so long as confidentiality of such information is protected as provided herein. Nothing in this Agreement shall prevent or impair the use by a party of Confidential Materials as set forth in this Agreement at trial in accordance with any rules established by the Court.

9. **Restricted Access Documents.** Sealed Documents**:** Before filing any information that has been designated "Confidential" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with EDNC Local Civil Rule 79.2 with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted

under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

10. **Challenging Confidentiality.** Acceptance by a party of any information, document, or thing identified as "Confidential" pursuant to this Order shall not constitute a concession that the information, documents, or things are Confidential Materials. Counsel for the parties shall serve written notice of any objections to specific designations upon the other party within twenty (20) days of receipt of such information, documents, or things. Counsel shall first attempt to resolve any disputes of confidentiality between themselves. If Counsel are unable to agree on any such issue, counsel seeking protection of a document must bring the issue before the Court within twenty (20) days of receipt of any written notice of any objections. No disclosure of such information shall occur pending resolution of any dispute under this paragraph.

11. **Right to Object.** Notwithstanding the foregoing provisions, this Order shall not prejudice the right of any party to object to discovery on other grounds. Any party may, upon reasonable notice to the opposing party's counsel, move for an order relieving it of the provisions of this Order for good cause shown. All parties retain the right to apply to the Court for an order affording additional protection to Confidential Materials as the circumstances may warrant. Nothing contained herein shall prevent a party from seeking modification to this Order.

12. **Return of Confidential Information.** All Confidential Materials either shall be returned to the producing party or destroyed within ninety (90) days of the conclusion of this civil lawsuit, including conclusion of any appeal, at the option of the disclosing party. Notwithstanding any provision herein, counsel for the parties shall be permitted to retain one (1) copy of any Confidential Materials to retain in their respective client litigation file for this lawsuit; however, such copy shall remain confidential and subject to this Order for an indefinite period.

13. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation**.

Nothing in this document shall prevent any party from producing any document or information in

his, her, or its possession in response to a lawful subpoena or other compulsory process, provided that:

      a)     If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Materials, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

      b)     The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

      c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Materials in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Materials, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Materials by the other party to this case.

14.    **<u>Modification of the Agreement.</u>** In the event of further proceedings in this action, if any of the parties hereto believe that this Agreement unreasonably impedes discovery to a party or the use of information discovered from a party for purposes of this litigation, or provides insufficient protection regarding discovery materials produced by a party, such party may serve notice upon the parties and request that the Court modify this Agreement.

15.    **<u>Protection of Copies.</u>** All copies, extracts or summaries prepared from Confidential Materials produced hereunder, but excluding any materials which in the good faith judgment of counsel are

work product materials, shall be subject to the same terms of this Order as the Confidential Materials from which such copies, extracts, or summaries were prepared, if properly designated.

16. **Notices.** Notice required under this Agreement shall be in writing and provided to the attorneys for the parties as listed below. Notice to the parties shall be adequate if given solely to the parties' counsel of record.

17. **Effective Date.** This Agreement shall be effective immediately and shall survive the conclusion of this lawsuit.

| | |
|---|---|
| *s/Jake Modla* | *s/ Mallory H. Gantt* |
| Jacob J. Modla (N.C. Bar No. 17534) | Mallory H. Gantt (N.C. Bar No. 57900) |
| jake@cbphlaw.com | Mallory.gantt@jacksonlewis.com |
| Cromer Babb Porter & Hicks | T. Chase Samples (SC Bar No. 77601) |
| 1418 Laurel Street | (admitted *pro hac vice*) |
| Columbia, SC 29201 | Chase.Samples@jacksonlewis.com |
| T: 803-799-9530 | JACKSON LEWIS P.C. |
| | 15 South Main Street, Suite 700 |
| ATTORNEY FOR PLAINTIFF | Greenville, SC 29601 |
| | Phone: (864) 672-8087 |
| | Fax: (864) 235-1381 |
| | *ATTORNEYS FOR DEFENDANT* |

**IT IS SO ORDERED**.

This the 12th day of July 2023.

_____
KIMBERLY A. SWANK
United States Magistrate Judge

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO.: 4:22-cv-106-D-KS

| | | |
|---|---|---|
| DENNIS COUNCIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ACKNOWLEDGEMENT OF STIPULATED CONSENT PROTECTIVE ORDER** |
| | ) | |
| CIRCLE K STORES INC., | ) | |
| | ) | |
| Defendant. | ) | |

I, _____, declare as follows:

I acknowledge receipt of a copy of the Stipulated Consent Protective Order dated _____, 2023, in *Dennis Council v. Circle K Stores Inc.*, which is pending in the United States District Court for the Eastern District of North Carolina, 4:22-cv-00106-D-KS, and agree that I:

(1) understand the terms thereof, and agree to comply with and be bound by its provisions with respect to any information provided to me under the terms of the Stipulated Consent Protective Order;

(2) will not reveal any information provided to me under the terms of this Stipulated Consent Protective Order to anyone other than such persons designated in Paragraph 4 of the Order; and

(3) will utilize such confidential information solely for the purposes of this litigation.

I further understand that if I fail to comply with the terms of the Stipulated Consent Protective Order, I may be subject to sanctions by the Court, and I consent to the jurisdiction of the above-referenced Court for such purpose.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

**DATE:** _____

**SIGNATURE:** _____

**PRINTED NAME:** _____

10

Case 4:22-cv-00106-D-KS   Document 18   Filed 07/12/23   Page 10 of 10